UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD JAMES NICHOLAS,                :
                                      :
            Plaintiff,                :     CIVIL NO. 1:CV-07-1716
                                      :
        v.                            :     (Judge Caputo)
                                      :
SCOTT A. EVANS, *et al.*,             :
                                      :
            Defendants.               :

**MEMORANDUM**

I.   **Background**

Plaintiff Edward J. Nicholas commenced this action by filing a *pro se* civil rights complaint under the provisions of 42 U.S.C. § 1983.  Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 9).

The instant Complaint is among a string of civil actions by Plaintiff challenging alleged improprieties in his criminal proceedings in the Dauphin County, Pennsylvania, Court of Common Pleas.  Plaintiff alleges, without elaboration, "obstruction of justice by tampering with public records and oppressing P.C.R.A. timely filed under 28 U.S.C. 2244(d)(1)(2), abuse of the judicial process, official oppression, unlawful imprisonment."  (Doc. 1 at 2).  He further alleges "falsifications to sworn testimony to the Federal U.S. Middle District Court in prior Habeas Corpus 05-CV-1771 filed and dismissed as untimely, falsified information forwarded to the F.B.I. C.J.I.S. Unit by the Pa. State Police repository in violation of the constitutional protection against double jeopardy and in violation of the Freedom of Information Act, severe irreparable Harm and Mental Disfuncion [*sic*] as a result of Fraudulent Acts committed by the Defendants purposely causing severe injury to

the Plaintiff and further harm inflicted, tampering with public records, defamation of character, conflict of interest, wrongfull [*sic*] entries of satisfaction, oppression of officials, abuse of judicial legal process, appointment of arbitration counsel, and conflict of interest with the trial court hearings of Scott A. Evans hearing prison abuse cases in Dauphin Co. Prison." (Doc. 1 at 3).  He seeks compensatory and punitive damages.

Plaintiff's Motion for Preliminary Injunction (Doc. 4) was denied.  (*See* Doc. 12). For the reasons that follow, Plaintiff's complaint will be dismissed pursuant to the Three Strikes Rule, codified at 28 U.S.C. § 1915(g).  His Motion to proceed *in forma pauperis* is moot.

## II.     Discussion

The Prison Litigation Reform Act of 1996 ("PLRA"), in an effort to halt the filing of frivolous inmate litigation, enacted what is commonly referred to as the "three strikes" provision.  Codified at 28 U.S.C. 1915(g), the "three strikes" rule provides that an inmate who, while incarcerated or detained at any facility, has filed three prior actions or appeals that were dismissed as frivolous, malicious, or for failure to state a viable claim, may not proceed in a civil action *in forma pauperis* "unless the prisoner is in imminent danger of serious physical injury."  *See* 28 U.S.C. § 1915(g).  The "three strikes" provision does not bar disqualified inmates from filing additional actions, but it denies them the opportunity to proceed *in forma pauperis*, requiring the inmates to pay the full filing fee prior to commencing suit.

Prior to instituting this action, Plaintiff has, on at least four (4) occasions, while incarcerated, brought an action or appeal in a court of the United states that was dismissed

on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  *See Nicholas v. Evans*, Civil No. 4:06-CV-1414 (M.D. Pa. Aug. 21, 2006) (Jones, J.); *Nicholas v. Evans*, Civil No. 4:06-CV-1478 (M.D. Pa. Aug. 21, 2006) (Jones, J.); *Nicholas v. Evans*, Civil No. 4:06-CV-1541 (M.D. Pa. Oct. 3, 2006) (Caputo, J.); *Nicholas v. Witmer*, Civil No. 3:07-CV-0228 (M.D. Pa. February 21, 2007) (Caputo, J.).

The Court notes that, at the time Plaintiff filed this action, he was not incarcerated, but rather was detained at the Conewago Place Inpatient Unit, as reflected by the return address on the envelope containing his complaint.[1]  (*See* Doc. 1 at 6).  Presently, Plaintiff is detained at the Conewago/Wernersville facility in Wernersville, Pennsylvania.  (*See* Doc. 6).  Even though Plaintiff was not incarcerated at the time he brought the instant action, he was detained in a treatment facility, and § 1915(g) also applies to a plaintiff who is "detained in any facility."  28 U.S.C. § 1915(g).  Plaintiff is thus barred by 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* in this action.

The "imminent danger" exception to the "three strikes" rule contained in § 1915(g) clearly is inapplicable in this case.  The United States Court of Appeals for the Third Circuit has concluded that the requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed.  *See Abdul-Abkar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001)(en banc), *cert. denied*, 533 U.S. 953 (2001).  The

---

1. The return address does not contain the name of the facility where Plaintiff was detained at the time of filing his complaint.  The Court engaged in computer research to determine that 424 Nye Road, Hummelstown, Pennsylvania 17036 is the address of the Conewago Place Inpatient Unit.  *See* http://www.firetree.com/contact-us.asp

"imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). In the instant case, there is no allegation or indication that this inmate is in danger of imminent serious physical injury. Rather, Plaintiff's instant allegations relate to claims of impropriety in his preliminary hearing, trial, conviction, and sentence in his criminal proceedings. Thus, Plaintiff's Complaint will be dismissed pursuant to 28 U.S.C. § 1915(g). An appropriate Order follows.


December 4, 2007                    s/A. Richard Caputo
                                    A. RICHARD CAPUTO
                                    United States District Judge

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD JAMES NICHOLAS, | : |
| Plaintiff, | : CIVIL NO. 1:CV-07-1716 |
| v. | : (Judge Caputo) |
| SCOTT A. EVANS, *et al.*, | : |
| Defendants. | : |

## O R D E R

**AND NOW, THIS 4th DAY OF DECEMBER, 2007**, in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT**:

    1.    Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 9) is **DENIED** as moot.

    2.    Plaintiff's Complaint is dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(g).

    3.    The Clerk of Court is directed to close this case.

    4.    Any appeal from this Order will be deemed frivolous and not taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

    s/ A. Richard Caputo
    A. RICHARD CAPUTO
    United States District Judge